UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CRISTIAN POPESCU,<br>Defendant. | NO. CR26-191JHC<br>**PROTECTIVE ORDER** |

Upon unopposed motion of the United States (Dkt. # 13), and for good cause shown, the Court ORDERS as follows pursuant Federal Rule of Criminal Procedure 16(d)(1):

1. Some of the material to be produced in discovery in this matter includes personal identifying information (PII), which is defined for purposes of this Order as Social Security numbers, driver's license numbers, dates of birth, home addresses, mothers' maiden names, passwords, bank account numbers, debit and credit card numbers, salary or other personal financial information or personal identification numbers.

2. Access to discovery material containing PII will be restricted to the Defense Team, with the limited exceptions discussed in paragraphs 3 and 4, below. "Defense Team" shall be limited to attorneys of record for the defendant and any of the following people working on this matter under the supervision of the attorneys of record:

attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. For purposes of this Order, “Defense Team” does not include the defendant.

3. Defendant’s attorneys shall inform any member of the Defense Team to whom disclosure of discovery material containing PII is made of the existence and terms of this Protective Order. Members of the Defense Team shall not provide copies of any discovery material containing PII to any persons outside of the Defense Team, except as specifically set forth below.

4. Defense counsel may provide discovery to the defendant, subject to the following conditions:

> Defendant will maintain only a single copy of discovery containing PII, which shall not be duplicated. Defendant shall not provide copies of the discovery material containing PII to any third parties and may only review the discovery material containing PII either alone or in the presence of the Defense Team.

5. Any discovery material containing PII that the parties file on the Court’s public docket shall be filed consistent with Local Criminal Rule 49.1.

6. Nothing in this Order should be construed as imposing any discovery obligations on the government or the defendants that are different from those imposed by case law, Rules 16 of the Federal Rules of Criminal Procedure, the Due Process Protection Act (DPPA) and the Local Criminal Rules.

7. This Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court. In the event compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall bring any concerns about the scope or terms of the Order to the attention of the Court.

8. The requirements in this protective order shall survive the termination of this prosecution.

DATED: October 21, 2026.

John H. Chun

JOHN H. CHUN
United States District Judge